UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NINA ABRAMYAN<br>13 Borodinskaya Street, #21A<br>St. Petersburg, Russia 191180<br><br>     **Plaintiff,**<br><br>vs.<br><br>UNITED STATES DEPARTMENT OF<br>HOMELAND SECURITY<br>Office of the General Counsel<br>20 Massachusetts Avenue, N.W.<br>Washington, DC 20528<br><br>**Eric Holder, Jr., in his capacity as**<br>ATTORNEY GENERAL OF THE UNITED<br>STATES<br>U.S. Department of Justice<br>Robert F. Kennedy Building<br>950 Pennsylvania Avenue, N.W. Room 5111<br>Washington, DC 20530<br><br>UNITED STATES CITIZENSHIP AND<br>IMMIGRATION SERVICES<br>Office of the Chief Counsel<br>20 Massachusetts Avenue, N.W.<br>Washington, DC 20529-2120<br><br>and<br><br>NATIONAL RECORDS CENTER, UNITED<br>STATES CITIZENSHIP AND<br>IMMIGRATION SERVICES<br>150 Space Center Loop, Suite 300<br>Lee's Summit, MO 64064-8010<br><br>     **Defendants.** | CASE NUMBER _____ |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

-1-

## Introduction

1. Plaintiff Nina Abramyan has been denied her right to a complete copy of her administrative file from Defendants for over five months. In this complaint, Ms. Abramyan challenges on statutory and regulatory grounds the Defendants' willful refusal to provide her a complete copy of her immigration file.

2. Defendants have willfully refused to comply with Ms. Abramyan's Freedom of Information Act Request for over five months now. On December 8, 2011, Ms. Abramyan submitted a request to the United States Department of Homeland Security, United States Citizenship and Immigration Services, National Records Center for a complete copy of her entire A-file under the Freedom of Information Act. The Agency responded with a letter dated December 19th and postmarked December 22nd stating no records were found. Ms. Abramyan has since appealed her request, and her request has been remanded for further search. To this date, however, Defendants have yet to comply with the request, and more than five months after her original request, Ms. Abramyan is still waiting for her complete records.

3. Ms. Abramyan has been in the United States before and is now processing an immigrant visa at the United States Department of State consulate in Moscow, Russia. However, the United States consul alleges that Ms. Abramyan filed an asylum application in 1999 while in the United States, and alleges that the asylum application is the reason that her visa application is being delayed and that because of said asylum application a waiver must be filed before she is allowed to immigrate. Therefore, obtaining a complete copy of the asylum application, which is contained in her A-file, is crucial to her being able to properly respond to the U.S. Department of State in Moscow.

4. Asylum applications are found in the United States Citizenship and Immigration Services A-file; therefore it is unreasonable for the United States Citizenship and Immigration Services to claim to Ms. Abramyan that they cannot locate any records, while the United States Department of State is telling Ms. Abramyan that the asylum application is the reason her processing is being delayed, and that she must address and explain the asylum application.

5. Defendants still continue to refuse to provide Ms. Abramyan with a full and complete copy of her administrative files as required under the Freedom of Information Act despite her need for the documents and the information contained in them. More than 20 business days, which is the statutory time for reply, have passed since the United States Citizenship and Immigration Services appeal was filed. Defendants' failure to comply with the Freedom of Information Act Request is in violation of the statute. Defendants are required to comply with a twenty-day time requirement set forth in 5 U.S.C. §552(a)(6)(A), (B) and (C). Here Defendants have delayed their responses beyond the statutory time. Ms. Abramyan has explained her need for her records to the agencies and has acted diligently to obtain them, but despite this fact, Defendants have not complied with the law.

### Jurisdiction and Venue

6. This Court has subject matter jurisdiction over this matter pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331. This Court has jurisdiction to grant declaratory and further necessary or proper relief pursuant to 28 U.S.C. §§ 2201-02 (declaratory relief) and Federal Rules of Civil Procedure 57 and 65.

7. Venue is proper in the District of Columbia pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391.

## The Parties

8.  Plaintiff Nina Abramyan ("Plaintiff" or "Ms. Abramyan") is a native of Azerbaijan, and is an ethnic Armenian who lives in Russia. She submitted a Freedom of Information Act Request to Defendants to obtain a complete copy of her administrative file both to understand why she is being found inadmissible at the U.S. consulate in Moscow based on an asylum application filed in the United States, and to properly respond to those allegations through an application for a waiver of inadmissibility. Ms. Abramyan is filing this complaint to have enforced her right to a complete copy of her administrative files.

9.  Defendant United States Department of Homeland Security is an agency of the United States Government responsible for implementation and enforcement of the Immigration Laws. This agency is the ultimate legal custodian of Ms. Abramyan's Department of Homeland Security administrative file, her A-file.

10. Defendant Eric Holder, Jr. is the Attorney General of the United States and the head of the United States Department of Justice, an agency of the United States. Mr. Holder shares responsibility for implementation and enforcement of the Immigration Laws along with Defendant United States Department of Homeland Security. Mr. Holder is a legal custodian of Ms. Abramyan's administrative files. Mr. Holder is sued in his official capacity.

11. Defendant United States Citizenship and Immigration Services is an agency of the United States Department of Homeland Security charged with processing asylum claims, and with maintaining the A-file or immigration file for aliens in the United States. Defendant agency includes the National Records Center, which processes Freedom of Information Act Requests for A-files. Defendant agency is the legal custodian of Ms. Abramyan's administrative immigration or "A-" files including any asylum applications.

12. Defendant National Records Center is part of the United States Citizenship and Immigration Services, is responsible for the Freedom of Information Act requests submitted to the National Records Center, and is the legal custodian of Ms. Abramyan's administrative files that Plaintiff seeks.

13. On information and belief, all Defendants have played a role in the illegal denial of Plaintiff's rights.

### Facts and Procedural History

14. This lawsuit arises from the improper withholding of agency records that relate specifically to Plaintiff and that have been requested by Plaintiff pursuant to the Freedom of Information Act ("FOIA"). The records sought are vital to Plaintiff's ability to understand and respond to allegations that she is inadmissible and therefore ineligible to immigrate to the United States because she filed an asylum application in the United States that contained material misrepresentations.

15. On December 8, 2011, in compliance with Defendants' FOIA Request procedures in place at the time, Ms. Abramyan filed a FOIA request with the United States Citizenship and Immigration Services ("USCIS"), reference number NRC2011117814. USCIS responded with a letter dated December 19th and postmarked December 22nd stating no records were found. Tab A-1 (FOIA request) and A-2 (USCIS response).

16. Ms. Abramyan filed an appeal of the USCIS decision on January 25, 2012, and the Office of General Counsel of the Department of Homeland Security, for the United States Citizenship and Immigration Services, replied in a letter dated February 2, 2012 and postmarked February 8, 2012 stating the FOIA request was remanded to the National Records Center for a further search. Tab B-1 (FOIA appeal) and B-2 (USCIS response).

17. The National Records Center followed up with a letter dated and postmarked February 13, 2012 notifying us of receipt of the remanded request. Tab C (Confirmation of remanded FOIA request).

18. As of today, Defendants have not complied with Ms. Abramyan's FOIA Request. More than twenty days have elapsed since Ms. Abramyan properly filed a timely appeal to the response by Defendants regarding her properly filed FOIA request. More than five months have passed since Ms. Abramyan filed her original FOIA request, and she has yet to receive the requested documentation.

19. Plaintiff is the requestor of the records which Defendants are now unlawfully withholding and has requested these documents to ascertain the reasoning behind the allegations that she is inadmissible for having filed an asylum application in 1999 in the United States, and to allow her to respond to those allegations through a waiver application in connection with her application for an immigrant visa now pending at the United States consulate in Moscow.

20. Ms. Abramyan does not recall the nature of any paper work filed for her in 1999 and needs a copy of her file to understand and respond to the pending allegations.

21. Defendants have acted unreasonably and unlawfully in refusing to comply with Ms. Abramyan's FOIA Request to the United States Citizenship and Immigration Services.

22. Defendants' actions violate the due process of law.

23. Defendants' actions are arbitrary, capricious, and unlawful.

### Exhaustion of Administrative Remedies

24. Plaintiff has exhausted her administrative remedies in this matter. The Freedom of Information Act statute provides that "[a]ny person making a request to any agency for records . . . shall be deemed to have exhausted his administrative remedies with respect to such

request if the agency fails to comply with the applicable time limit provisions." 5 U.S.C. § 552(a)(6)(C)(i); see also Pollack v. Dept. of Justice, 49 F.3d 115 (4th Cir. 1995), cert. denied 516 U.S. 843. In this case, Defendants have failed to respond completely to Plaintiff's FOIA Request appeal within 20 days as required by 5 U.S.C. § 552(a)(6)(A)(i). Any responses made by Defendants to Plaintiff's FOIA Request appeal states that review of that response may be sought in Federal Court. Plaintiff has attempted to inform Defendants of the necessity of the records requested, and she is left with no option other than to seek redress in Federal Court.

## FIRST CAUSE OF ACTION

### Violation of the Freedom of Information Act

25.  Plaintiff realleges and incorporates by reference each and every allegation contained in the preceding paragraphs as if set forth fully herein.

26.  Defendants' continued refusal to comply with Plaintiff's Freedom of Information Act Request violates the Freedom of Information Act.

## SECOND CAUSE OF ACTION

### Violation of the Immigration and Nationality Act and Regulations

27.  Plaintiff realleges and incorporates by reference each and every allegation contained in the preceding paragraphs as if set forth fully herein.

28.  Defendants' continued refusal to comply with Plaintiff's Freedom of Information Act Request violates the Immigration and Nationality Act, insofar as the government bears the burden to show that the delay in this matter and the withholding of the records is justified.

## THIRD CAUSE OF ACTION

### Claim for Injunctive Relief

29.  Plaintiff realleges and incorporates by reference each and every allegation contained in the preceding paragraphs as if set forth fully herein.

30. Plaintiff has a legal right to obtain complete responses to her FOIA Request. There exists no legal basis for Defendants' failure to respond and make available the requested records. Defendants' failure to make properly available the records sought by Plaintiff's Request violates 5 U.S.C. §§ 552(a)(3)(A) and (a)(6)(A)(i). Plaintiff has already suffered great harm, prejudice, and injury by Defendants' failure to respond and produce Plaintiff's complete file. Unless relief is promptly and permanently granted by this Court, Plaintiff will suffer great and irreparable damage and injury because she will be unable to effectively respond to the allegations of inadmissibility leveled against her or to respond through a waiver of inadmissibility application and as a result may lose her priority date and the ability to immigrate to the United States based on the approved visa petition her mother filed for her and which is the basis of her application for an immigrant visa at the United States Consulate in Moscow.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Nina Abramyan respectfully requests that the Court grant the following relief:

1) Assume jurisdiction of this matter;
2) Enter judgment in favor of Ms. Abramyan and order the immediate release of Plaintiff's entire and complete administrative files;
3) Declare that Defendants' withholding of the records violates the Freedom of Information Act and the Immigration and Nationality Act;
4) Grant Ms Abramyan reasonable attorneys' fees, costs, and other disbursements pursuant to the Equal Access to Justice Act, 28 U.S.C. 2412; and
5) Grant such other relief as the Court deems just and equitable.

Dated: June 18, 2012

Respectfully Submitted,

/s/ Neville Asherson

Neville Asherson
    DC District Court Bar No: MI0036
    California State Bar No: 73745
ASHERSON, KLEIN & DARBINIAN
9150 Wilshire Blvd., Suite 210
Beverly Hills, CA 90212
Telephone: (310) 247-6070
Facsimile: (310) 278-8454
nev@asherson.net

Attorneys for Plaintiff NINA ABRAMYAN

**INDEX**

A. FOIA request dated 12/8/2011 and USCIS response dated 12/19/2011 and postmarked 12/22/2011

B. FOIA appeal dated 1/25/2012 and USCIS response dated 2/2/2012 and postmarked 2/8/2012

C. National Records Center follow-up letter dated and postmarked 2/13/2012